UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

**UNITED STATES OF AMERICA,**

       **-V-**                                     **5:03-CR-81 (NAM)**

**JOHN MURTARI,**

                **Defendant.**

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

APPEARANCES:

OFFICE OF THE UNITED STATES ATTORNEY
RICHARD R. SOUTHWICK Asst. U.S. Attorney
Northern District of New York
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261

CRAIG SCHLANGER, ESQ.
Office of Craig P. Schlanger
Century Plaza
201 East Jefferson Street
Suite 530
Syracuse, New York 13202
Attorney for Defendant

LAWRENCE WANGERMAN, ESQ.
Baldwin, Wangerman Law Firm
333 East Onondaga St. - Suite 400
Syracuse, NY 13202
Attorney for Defendant

John Murtari
34 Franklin Street
Lyons, New York 14489

**MEMORANDUM-DECISION AND ORDER**

On November 20, 2003, defendant was convicted before United States Magistrate Judge

Gustave J. DiBianco of offenses under New York Penal Law § 140.05 and 18 U.S.C. §§ 7(3)

and 13. Defendant's attorney properly filed a Notice of Appeal to United States District Court.

Due to clerical error the Clerk's Office sent the Notice of Appeal to the United States Court of Appeals, Second Circuit, which mandated the appeal back to District Court.

By letter dated July 19, 2004, this Court sent a letter advising defendant that if he wished to pursue the appeal, his brief and the record on appeal must be filed within 20 days of the date of the letter.  As of the present date, defendant has not filed his brief or record.

On March 16, 2005, defendant wrote to the Court stating that he intended to pursue his appeal but that his lawyer had not prepared the papers.  On May 2, 2005, defendant's counsel wrote to the Court stating that there had been a misunderstanding between defendant, who wished to pursue the appeal, and counsel, who recommended holding the appeal in abeyance until the Second Circuit had ruled on an appeal from a previous conviction of defendant involving related issues, and that as a result of the misunderstanding, counsel had not pursued the instant appeal.  Counsel requested that the Court amend its directive of July 19, 2004 *nunc pro tunc* so as to reinstate the appeal and to provide defendant with a reasonable period of time in which to perfect the appeal.  Under the circumstances, this requested relief is granted.

Moreover, based on defendant's letter to the Court, counsel noted that there was an "obvious breakdown in the attorney-client relationship" and requested that he be relieved of his assignment to represent defendant.  Defendant, too, requested assignment of new counsel.  The Court agrees that assignment of new counsel is appropriate.

It is therefore

ORDERED that Craig Schlanger, Esq., is relieved from further representation of defendant in this matter; and it is further

ORDERED that Lawrence Wangerman, Esq., be assigned to represent defendant on the instant appeal; and it is further

ORDERED that attorney Wangerman submit a brief and record on this appeal within (60) sixty days of the date of appointment; and it is further

ORDERED that the Clerk serve a copy of this Order on defendant John Mutari by regular mail.

IT IS SO ORDERED.

May 3, 2005
Syracuse, New York

*Norman A. Mordue*
Norman A. Mordue
U.S. District Judge